# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3935

_____

United States of America,                    *
                                             *
          Appellee,                          *
                                             *
     v.                                       *
                                             *
Tez Jon Duysak, also known as                *   Appeal from the United States
Tezcan Ahmet Duysak,                         *   District Court for the
                                             *   District of South Dakota.
          Appellant,                         *
                                             *    [UNPUBLISHED]
------------------------                      *
                                             *
State of South Dakota,                       *
                                             *
          Amicus Curiae.                      *

_____

Submitted: September 27, 1999
Filed: December 14, 1999

_____

Before RICHARD S. ARNOLD, MAGILL, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Tez Jon Duysak assaulted Benjamin Freeman in the Charles Mix County Jail in
Lake Andes, South Dakota, fracturing his jaw in two places.  A jury found Duysak
guilty of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and

113(a)(6). Prior to trial, Duysak had moved to dismiss, arguing that the offense did not occur within "Indian Country" as defined by 18 U.S.C. § 1151, and that federal jurisdiction therefore did not exist under section 1153. He had submitted uncontroverted evidence establishing that Charles Mix County owns in fee simple the land upon which the County Jail is located, that the land is not part of a recognized Indian community, and that the land is not held in trust for any Indian tribe. The district court had denied Duysak's motion, and he argues on appeal that it erred in so doing.

While the district court's conclusion was correct under then-existing law, see Yankton Sioux Tribe v. Southern Missouri Waste Management Dist., 99 F.3d 1439 (8th Cir. 1996), rev'd, South Dakota v. Yankton Sioux Tribe, 118 S. Ct. 789 (1998), the legal landscape has changed. We recently concluded that the Yankton Sioux Reservation "has been further diminished by the loss of those lands originally allotted to tribal members which have passed out of Indian hands. These lands are not part of the Yankton Sioux Reservation and are no longer Indian country within the meaning of 18 U.S.C. § 1151." Yankton Sioux Tribe v. Gaffey, 188 F.3d 1010, 1030, (8th Cir. 1999) *reh'g and reh'g en banc denied* (Dec. 8, 1999).

Because Duysak demonstrated that the land upon which the Charles Mix County Jail is located has passed out of Indian hands, we must conclude that it is not part of the Yankton Sioux Reservation, that the offense did not occur within Indian Country as defined by section 1151, and that federal jurisdiction therefore did not exist under section 1153. Accordingly, we reverse the judgment of the District Court, and remand with instructions to dismiss the assault charge against Duysak. We also deny the motion for release on bond pending appeal as moot. The mandate shall issue forthwith.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.